

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

FILED
NOV 07 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

(1) ANJI BRADSHAW, as Special Administrator for the Estate of Nathan Bradshaw, deceased,

Plaintiff,

vs.

(2) ARMOR CORRECTIONAL HEALTH SERVICES, INC.,

Defendant.

Case No.:

17 CV 615 TCK - FHM

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332, Defendant Armor Correctional Health Services, Inc, (hereinafter "Defendant" or "Armor") by and through its undersigned counsel, hereby file its Notice of Removal with this Court removing the above-styled action now pending as Case No. CJ-2017-979 in the District Court in and for Tulsa County, State of Oklahoma. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as all properly joined and remaining parties are completely diverse and the amount in controversy exceeds $75,000. Further Armor has satisfied the procedural requirements for Removal.

## BACKGROUND

1. On or about March 13, 2017, Plaintiff commenced this action against Defendant Armor by filing a petition in the District Court of Tulsa County, in the State of Oklahoma, bearing case number CJ-2017-979. (*See* Petition, attached as Exhibit No. 1).



2. Plaintiff followed-up by filing an Amended Petition on March 15, 2017 adding claims against Defendants Board of County Commissioners of the County of Tulsa ("BOCC") and Colby Holman ("Holman"). (*See* Amended Petition, attached as Exhibit No. 4).

3. Armor was served with summons on May 10, 2017. (*See* Summons attached as Exhibit No. 15).

4. Defendant Armor filed a Special Entry of Appearance and moved to dismiss Plaintiff's Amended Petition for Failure to State a Claim on May 30, 2017. (*See* Mot. to Dismiss, attached as Exhibit No. 5).

5. Plaintiff filed a brief in opposition. (*See* Brief in Opp., attached as Exhibit No. 6).

6. The state court judge denied Armor's motion to dismiss and gave Armor twenty-one (21) days to file and Answer in response to Plaintiff's Amended Petition. (*See* Order attached as Exhibit No. 7).

7. On or about July 7, 2017, Plaintiff was granted judgment against BOCC and thereby BOCC was dismissed from this action. (*See* Journal Entry of Judgment, attached as Exhibit No. 10).

8. On July 10, 2017, Armor filed its Answer. (*See* Answer, attached as Exhibit No. 11).

9. As she purports in her discovery responses to Armor on October 13, 2017, Plaintiff claims that she resolved the claims against Defendant Colby Holman and never served him. (*See* Plaintiff's Discovery Responses, attached as Exhibit No. 17, p. 29-30).

10. Pursuant to 12 O.S. 2004(I), the action against Mr. Holman is deemed dismissed.

11. Defendant Armor only became aware of Plaintiff's dismissal of Defendant Colby Holman upon Plaintiff's responses to Defendant's discovery requests purported to Armor on October 13, 2017.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders properly served upon Defendant are attached to this Notice of Removal. A copy of the docket sheet is attached hereto as Exhibit No. 16.

## GROUNDS FOR REMOVAL

13. This action may be removed under 28 U.S.C. §§ 1441(a) because this court has jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship among the remaining parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### I. Removal is Timely

14. This Notice of Removal is timely as it is being filed within 30 days after receipt by Armor of a paper from which it may be first ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b)(3).

15. On October 13, 2017, Plaintiff purported to Armor that the claims against Colby Holman had been resolved and he was no longer a party to this suit. (*See* Exhibit No. 17).

16. Defendant Holman was not mentioned in the state court's Journal Entry of Judgment dismissing BOCC from this action on July 7, 2017. (*See* Exhibit No. 10).

17. Defendant Armor received notice that this action had become removable at that point and this Notice of Removal is being filed on November 7, 2017; within 30 days thereof.

3

## II. The Amount in Controversy Requirement is Satisfied

18. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Amended Petition that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff specifically states in her Amended Petition that she "respectfully requests the Court enter judgment upon the claims . . . in an amount in excess of $75,000.00." (Exhibit No. 4, Amended Petition, ¶ 85).

19. Accordingly, it is evident that the amount of recovery sought by the Plaintiff exceeds $75,000.00.

## III. Complete Diversity of Citizenship Exists Between the Remaining Parties

20. Pursuant to 28 U.S.C. § 1332(c)(2), Plaintiff Anji Bradshaw is resident of Oklahoma.

21. Armor Correctional Health Services, Inc. is a health care services provider incorporated in the State of Florida with its principal place of business in the State of Florida, and, therefore is a citizen of the State of Florida for purposes for determining diversity. (28 U.S.C. § 1332(c)(1)).

22. Plaintiff admits Armor is a "Florida" corporation in her Amended Petition. (*See* Amended Petition attached as Exhibit No. 4, ¶ 2).

23. Thus, because Armor, as the only remaining party, is a citizen of a state other than Oklahoma there is complete diversity among the parties.

24. This action is under proper jurisdiction of the Northern District of Oklahoma pursuant to 28 U.S.C. § 1332. This action is removed pursuant to 28 U.S.C. §§ 1441(a), 1443, and 1446.

25. The United States District Court for the Northern District of Oklahoma has original jurisdiction of this controversy, and Defendant is entitled to have said cause removed thereto.

## IV.  Preservation of Rights

26. Armor hereby demands a trial by jury in this matter.

27. By removing this action to this Court, Armor does not waive any defenses, objections, or motions available to it under state or federal law. Armor expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

28. If any question arises as to the propriety of this removal, Armor requests the opportunity to conduct discovery or brief and disputed issues and to present oral argument in support of its position that this civil action is properly removable. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

## CONCLUSION

WHEREFORE, Defendant Armor Correctional Health Services, Inc. prays that the Court assume jurisdiction of this cause and proceed with it to completion, and to enter such orders and judgments as may be necessary to protect its jurisdiction, or as justice may require.

Respectfully submitted,

/s/ Joshua B. Romano
_____
SEAN P. SNIDER, OBA # 22307
JOSHUA B. ROMANO, OBA # 32660
JOHNSON HANAN AND VOSLER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: jromano@johnsonhanan.com
*Attorneys for Defendant Armor Correctional Health Services, Inc.*

CERTIFICATE OF MAILING

I hereby certify that on the 7th day of November, 2017 a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

J. Spencer Bryan
BRYAN & TERRILL
9 East 4th Street, Suite 307
Tulsa, Oklahoma 74103
Telephone: (918) 935-2777
Facsimile: (918) 935-2778
E-Mail: jsbryan@bryanterrill.com
*Attorney for Plaintiff*

/s/ Joshua B. Romano
_____
Joshua B. Romano